UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
HENRY VOLBERG,

                           Plaintiff,

-against-

A.D. WINSTON SERVICES, INC., MAURO A.
PALLADINO and JOHN DOES #1-10, Jointly
and Severally,

                           Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-2700 (SLT) (RLM)

**TOWNES, United States District Judge:**

In June 2011, plaintiff Henry Volberg, a former employee of defendant A.D. Winston Services, Inc., commenced this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), seeking to recover unpaid minimum wages, wages for overtime work for which he did not receive overtime premium pay, and liquidated damages. In February 2012, the parties informed the Court that they had reached a settlement of the action. The parties now jointly move for judicial approval of the settlement.

The FLSA "places 'strict limits on an employee's ability to waive claims for fear that employers [will] coerce employees into settlement and waiver.'" *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-CV-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (quoting *Le v. SITA Info. Networking Computing USA, Inc.*, 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. March 13, 2008)). "There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 644 (S.D.N.Y. 2011) (quoting *Manning v. New York Univ.*, No. 98 Civ. 3300 (NRB), 2001 WL 963982, at *13 (S.D.N.Y. Aug. 22, 2001)). First, 29 U.S.C. § 216(c) expressly authorizes the Secretary of Labor "to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees . . . ." Second, "when employees bring a private action for back wages under the FLSA, and present to the district court

a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Joo*, 763 F. Supp. 2d at 644 (quoting *Manning*, 2001 WL 963982, at *13); *see also Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir.1982).

When reviewing a FLSA class action settlement, a district court normally examines the following nine factors: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Misiewicz v. D'Onofrio General Contractors Corp.*, No. 08 CV 4377 (KAM)(CLP), 2010 WL 2545439, at *4 (E.D.N.Y. May 17, 2010) (quoting *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41 (E.D.N.Y. 2010)). In cases which are not class actions, some courts in this Circuit have considered these factors – aside from factors two and six, which are inapplicable. *Id.* Other courts have not expressly considered these factors. For example, in *Sampaio v. Boulder Rock Creek Developers, Inc.*, No. CV-07-153 (ETB), 2007 WL 5209390, at *1 (E.D.N.Y. Sept. 6, 2007), the court approved a settlement of an FLSA case in which there was "little to no documentation of the hours that plaintiff worked each week" and the parties "differ[ed] widely as to the number of hours that plaintiff actually worked." *Id.* at *1. Taking into consideration "the respective burdens the parties face with respect to their claims and defenses," the court in *Sampaio* found the proposed settlement to be reasonable.

2

This Court has considered those factors in *Misiewicz* that are applicable to this action. This Court notes that while this action is not complex, it is still in a relatively early stage. In light of this Court's trial schedule, plaintiff would face a considerable delay in obtaining relief if he elected to proceed to trial. Moreover, it is far from certain what relief plaintiff might receive after trial. In this case, as in *Sampaio*, "there is a substantial dispute over the actual number of hours worked by the Plaintiff," and defendants possess documentary evidence to contradict plaintiff's claims. Memorandum of Law in Support of Joint Motion by Plaintiff and Defendants for Approval of Settlement ("Memorandum") at 6.

The amount plaintiff has already received by virtue of this settlement is roughly half the greatest amount plaintiff could have possibly received. However, through settlement, plaintiff has avoided the anxiety, uncertainty and delay inherent in proceeding to trial. In addition, because the settlement includes attorney's fees, plaintiff has avoided the additional uncertainty relating to the application for such fees. In light of the burdens the parties face with respect to their claims and defenses, this Court finds the proposed settlement to be entirely reasonable.

## *CONCLUSION*

For the reasons stated above, this Court finds the proposed settlement to be reasonable. Since plaintiff and his counsel have already received the agreed-upon amounts (Memorandum at 3), and have provided plaintiff with a General Release, this Court will "so order" the "Stipulation for Withdrawal of Action, with Prejudice" previously submitted to this Court.

**SO ORDERED.**

s/ SLT

SANDRA L. TOWNES
United States District Judge

Dated: April *13*, 2012
Brooklyn, New York

3

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HENRY VOLBERG,

        Plaintiff,

  -against-

A.D. WINSTON SERVICE INC., MAURO A PALLADINO and JOHN DOES #1-10, Jointly and Severally,

        Defendants.

Index No. 11 CV 02700 (SLT) (RLM)

**STIPULATION FOR WITHDRAWAL OF ACTION, WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above-captioned action, through the undersigned counsel, that the action (and all claims and causes of action that were or could have been asserted in it) be withdrawn, discontinued and dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

By: _/s/ Jeffrey M. Gottlieb_
Jeffrey M. Gottlieb, Esq.
Gottlieb & Associates
150 East 18th Street, Suite PHR
New York, New York 10003
(212) 228-9795

Counsel for Plaintiff

Dated: 2/23/12

By: _/s/ A. Michael Weber_
A. Michael Weber
Naveen Kabir
Littler Mendelson, P.C.
900 Third Avenue
New York, New York 10022
(212) 583-9600

Counsel for Defendants

Dated: 3/27/12

SO ORDERED: s/ SLT

DATE: April 13, 2012